IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS D'ANTONIO and TINA D'ANTONIO, his wife, | : : | |
| | : | Daniel S. Schiffman, Esq. |
| Plaintiffs, | : | Schiffman Firm, LLC |
| | : | 1300 Fifth Avenue |
| v. | : | Pittsburgh, PA  15219 |
| | : | Phone:  412/288-9444 |
| | : | Pa. I.D. #309825 |
| FMC TECHNOLOGIES, INC. | : | dan@schiffmanfirm.com |
| | : | |
| Defendant. | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW, come the Plaintiffs, Louis D'Antonio and Tina D'Antonio, his wife, by and through their counsel Schiffman Firm, LLC and Daniel S. Schiffman, Esquire and file the within Complaint and in support thereof avers the following:

1. The Plaintiff Louis D'Antonio is an individual and a citizen of the Commonwealth of Pennsylvania residing at 213 Snyder Drive, Moon Township, Pennsylvania 15108.

2. The Plaintiff Tina D'Antonio is an individual and a citizen of the Commonwealth of Pennsylvania and is the wife of the Plaintiff Louis D'Antonio and resides with him as such at 213 Snyder Drive, Moon Township, Pennsylvania 15108.

3. The Defendant FMC Technologies, Inc. is a corporation which is a citizen of the state of Texas with its principal place of business located at 5875 N. Sam Houston Parkway W., Houston, Texas 77086 which trades and does business within the Commonwealth of Pennsylvania.

4. The court is granted jurisdiction in this action pursuant to 28 U.S.C. §1332 because (a) the case involves citizens of different states; and (b) the amount in controversy is in excess of Seventy-five Thousand ($75,000.00) Dollars.

5. On or about November 22, 2014, at approximately 4:00 p.m., Louis D'Antonio was a business invitee at the Defendant's premises located at 1100 EverGreene Drive, Waynesburg, Pennsylvania 15370.

6. At the above stated time and place, Plaintiff Louis D'Antonio was in the course of his employment with United Vision Logistics when a flow cross valve (hereinafter referred to as the "product") was being loaded into the truck he was operating.

7. The Plaintiff Louis D'Antonio was strapping down the load when, suddenly and without warning, a hand wheel fell off the product and struck him on the back causing him to sustain serious injury.

## COUNT I –

## Louis D'Antonio vs. FMC Technologies, Inc.

8. Plaintiffs hereby incorporate by reference the averments of paragraph 1 through 7 as though the same were more fully set forth herein.

9. At all times relevant hereto, this Defendant was engaged in the business of selling valves and other equipment to the oil and gas industries, sold the product which is the subject of this action, and was a seller as defined by Restatement (Second) Torts §402A as adopted by the Supreme Court of Pennsylvania.

10. This Defendant breached the duties owed to the Plaintiffs as mandated by selling the product in a defective condition rendering it unreasonably dangerous.

11. The product was defective because it did not meet the reasonable expectations of a consumer.

12. The product was further defective because the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design.

13. The product was defective because the hand wheel could and did disengage without any foreseeable misuse.

14. The product was further defective in that it failed to have proper warnings.

15. As a direct, legal and proximate result of the breaches of the mandates of Restatement (Second) Torts §402A, the Plaintiff Louis D'Antonio suffered and/or had exacerbated a T10/11 disc herniation impinging on the exiting foramen and other serious injuries.

16. As a direct, legal and proximate result of the breach of the mandates of §402A by this Defendant, the Plaintiff Louis D'Antonio has sustained the following damages:

    a. He has had to undergo medical treatment;

    b. He has suffered and will continue to suffer pain, mental anguish and embarrassment;

    c. He has incurred medical bills and/or liens for treatment;

    d. He has been unable to enjoy the ordinary pleasures of life;

    e. He has been unable to perform his normal daily activities including employment;

    f. He has sustained loss of income; and

    f. His general health, strength and vitality have been impaired.

WHEREFORE, the Plaintiff Louis D'Antonio hereby demands judgment in his favor and against the Defendant for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

## COUNT II
## Louis D'Antonio vs. FMC Technologies, Inc.

17. Plaintiffs hereby incorporate by reference the averments of paragraphs 1 through 16 as though the same were more fully set forth herein.

18. The accident set forth previously was the direct, legal and proximate result of the negligence of this Defendant in the following particulars:

   a. In failing to assure that the hand wheel was correctly and adequately affixed;

   b. In failing to correctly tighten the steering wheel prior to sale and delivery; and

   c. In failing to warn of the hazard connected to the failure to correctly and adequately fasten the hand wheel to the product.

19. As the direct, legal and proximate result of the negligence of this Defendant as aforesaid, the Plaintiff, Louis D'Antonio sutained the injuries and damages previously set forth.

WHEREFORE, the Plaintiff Louis D'Antonio hereby demands judgment in his favor and against the Defendant for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

## COUNT III
## Tina D'Antonio vs. FMC Technologies, Inc.

20. Plaintiffs hereby incorporate by reference the averments of paragraphs 1 through 19 as though the same were more fully set forth herein.

21. As the direct, legal and proximate result of the breach of the mandates of Restatement (Second) Torts §402 by this Defendant and/or the negligence of this Defendant, Plaintiff Tina D'Antonio has been deprived of the services, society, consortium and assistance of her husband Louis D'Antonio.

WHEREFORE, the Plaintiff Tina D'Antonio hereby demands judgment in her favor and against the Defendant for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

Respectfully submitted,
SCHIFFMAN FIRM, LLC

/s/ Daniel S. Schiffman
Daniel S. Schiffman, Esq.
Attorney for Plaintiffs

## **VERIFICATION**

The undersigned, Louis D'Antonio, III, and Tina D'Antonio Plaintiffs named herein, and being authorized to make this Verification, having read the foregoing COMPLAINT verify that the averments are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit.  The language is that of counsel and not of signer.  Signers verify that they have read the foregoing, and that it is true and correct to the best of the their knowledge, information and belief.  To the extent that the contents of the foregoing document are that of counsel, verifiers have relied upon counsel in making the verification.

Date: 5/23/2016                                                  /s/ Louis D'Antonio
                                                                             Louis D'Antonio


Date: 5/23/2016                                                  /s/ Tina D'Antonio
                                                                             Tina D'Antonio