IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS D'ANTONIO<br>and **TINA D'ANTONIO**, *his wife*,<br>            **Plaintiffs**,<br><br>            V.<br><br>**FMC TECHNOLOGIES, INC.**,<br>            **Defendant.** | )<br>)<br>)<br>)  2:16-cv-703<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), with a brief in support, filed by Defendant, FMC Technologies, Inc. (ECF Nos. 9-10). Plaintiffs, Louis D'Antonio and his wife, Tina D'Antonio, have filed a response and brief in opposition thereto (ECF Nos. 12, 13).

Mr. D'Antonio was employed as a truck driver for United Vision Logistics. FMC is a Texas-based company that is "in the business of selling valves and other equipment to the oil and gas industries[.]" Compl. ¶ 9, ECF No. 1. On November 22, 2014, Mr. D'Antonio, while in the course of his employment, was "strapping down" a "flow cross valve" onto his truck at FMC's facility in Waynesburg, Pennsylvania, "when, suddenly and without warning, a hand wheel fell off the product and struck him on the back causing him to sustain serious injury." *Id.* ¶ 7.

Several months after the incident, Plaintiffs commenced this action, asserting claims for strict liability (Count I), negligence (Count II), and loss of consortium (Count III) under Pennsylvania law. Plaintiffs allege that the product was defective "because it did not meet the reasonable expectations of a consumer[,]" "because the risk posed by its design and manufacture greatly exceed the utility, if any, of its design[,]" "because the hand wheel could and did disengage without any foreseeable misuse[,]" and because "it failed to have proper warnings."

1

*Id.* ¶¶ 11-14. And they allege that Defendant was negligent "a. [i]n failing to assure that the hand wheel was correctly and adequately affixed; b. [i]n failing to correctly tighten the steering wheel prior to sale and delivery; and c. [i]n failing to warn of the hazard connected to the failure to correctly and adequately fasten the hand wheel to the product." *Id.* ¶ 18. In the now pending motion, FMC moves to dismiss Plaintiffs' strict liability claim in Count I and to strike any references to the *Restatement (Second) of Torts* § 402A and strict liability in Counts II and III because, in their view, Mr. D'Antonio was not the "ultimate user or consumer" of the "flow cross valve," as those terms are defined in § 402A.

The Pennsylvania Supreme Court adopted § 402A of the Second Restatement as the law governing strict liability claims 50 years ago in *Webb v. Zern*, 220 A.2d 853, 854 (1966), and "Pennsylvania remains a Second Restatement jurisdiction," *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014). Section 402A states:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
>> (a) the seller is engaged in the business of selling such a product, and
>>
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>>
>> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

*Restatement (Second) of Torts* § 402A (1965).

Responding to Defendant's motion, Plaintiffs argue that Mr. D'Antonio comes within § 402A's definition of "user or consumer" because he was "utilizing the product for the purpose of

doing work upon it" – an argument which tracks the language in Comment l to § 402A. To be sure, § 402A does take a broad view of who counts as a "user or consumer." As Plaintiffs correctly point out, the term "includes . . . those who are utilizing it for the purpose of doing work upon it, as in the case of an employee of the ultimate buyer who is making repairs upon the automobile which he has purchased." *Restatement (Second) of Torts* § 402A, Comment l. Be that as it may, the Court cannot agree with Plaintiffs that Mr. D'Antonio was in the same position as the hypothetical employee described in in this comment. He was not "utilizing" the product "for the purpose of doing work upon it," and his employer, United Vision Logistics, was not the "ultimate buyer" of the product. Indeed, it would be a stretch to say that he was using the product at all. Rather, Mr. D'Antonio was loading the product onto a truck to be transported to its ultimate buyer – a customer in the oil and gas industry, which would then put it to its intended use in the oil or gas extraction process. In this Court's view, that removed him from the scope of § 402A's definition of "ultimate user or consumer." *See, e.g.*, *Ellis v. Chicago Bridge & Iron Co.*, 545 A.2d 906, 916 (Pa. Super. Ct. 1988) (Popovich, J., concurring) (citing *Spellmeyer v. Weyerhaeuser Corp.*, 544 P.2d 107, 109 (Pa. Super. Ct. 1975)) (opining that "a longshoreman who is merely involved in shipping massive steel plates to be used in construction . . . is not an ultimate consumer"); *Stephens v. Sid's Auto Sales & Used Parts Co.*, No. CV136039728, 2014 WL 2262703, at *3 (Conn. Super. Ct. Apr. 29, 2014) (citing *Perez v. Fidelity Container Corp.*, 682 N.E.2d 1150 (Ill. App. Ct. 1997); *Elk Corp. v. Jackson*, 727 S.W.2d 856 (Ark. 1987); *Dixon v. Gutnecht*, 339 So.2d 1285 (La. Ct. App. 1976); *Spellmeyer*, 544 P.2d at 109) (holding that the "unloader of a truck was not an ultimate consumer").

The question, then, is whether that actually matters. In other words, can someone who is not the "ultimate user or consumer" of the product who just so happens to come into contact with

it – i.e., a "bystander"– recover in strict liability under Pennsylvania law?

As Plaintiffs argue, the Pennsylvania Supreme Court has, on occasion, permitted bystanders to pursue § 402A claims. *See Webb*, 220 A.2d at 854 (allowing strict liability claim involving a keg of beer that exploded and injured the plaintiff even though the injured plaintiff neither purchased nor used the keg); *Salvador v. Atlantic Steel Boiler Co.*, 319 A.2d 903, 907 (Pa. Super. Ct. 1974) (allowing an employee who was injured by an exploding steam boiler at his place of employment to pursue a § 402A claim). But "these Supreme Court cases do not specifically address a bystander's ability to sue under Section 402A." *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 49 (3d Cir. 2009). The Superior Court and federal district courts have likewise at times allowed bystanders to pursue strict liability claims, though there are also cases holding that only "ultimate users or consumers" can recover. *Compare Pegg v. Gen. Motors Corp.*, 391 A.2d 1074, 1079 (Pa. Super. Ct. 1978) (explaining that liability "should extend to those persons who encounter the product after [the manufacturer] has released it"); *Fedorchick v. Massey-Ferguson, Inc.*, 438 F. Supp. 60, 63 (E.D. Pa. 1977) ("holding that Pennsylvania appellate courts, if faced with this issue, would extend § 402A's coverage to innocent bystanders"); *Herman v. Welland Chem., Ltd.*, 580 F. Supp. 823, 829 (M.D. Pa. 1984) (same); *Stratos v. Super Sagless Corp.*, No. CIV.A. 93-6712, 1994 WL 709375, at *5 (E.D. Pa. Dec. 21, 1994) (same) *with Schriner v. Pennsylvania Power & Light Co.*, 501 A.2d 1128, 1135 (Pa. Super. Ct. 1985) (setting forth "user or consumer" as one of the "requisite elements" to maintain a § 402A claim); *Riley v. Warren Manufacturing*, 688 A.2d 221, 227 (Pa. Super. Ct. 1997) (explaining that "in order to prove a claim under § 402A, a plaintiff must prove, *inter alia*, that he is a user or consumer of the product").

Even assuming that Pennsylvania law does allow bystander recovery, none of the cases

allowing recovery involved "persons who [load or] unload items during the course of their transportation to [] consumers." *Stephens*, WL 2262703, at *3. Courts from other jurisdictions that have addressed this scenario have uniformly denied recovery, reasoning that "the policy considerations which support imposition of strict liability in other contexts are too severely diluted" under these circumstances. *Spellmeyer*, 544 P.2d at 109–10. The rationale is that strict liability is designed to protect users and consumers (and perhaps those who might be in close proximity to them), not the people who help bring a product to market. As Judge Popovich observed in his concurring opinion in *Ellis*, "[s]uch an extension of § 402A would merely subject manufacturers to a myriad of product liability claims for injuries sustained by intermediate shippers of their product." *Ellis*, 545 A.2d at 916 (Popovich, J., concurring). In the absence of any direct precedent from the Pennsylvania Supreme Court, this Court is persuaded by this line of reasoning and concurs that recovery in strict liability should not extend to the facts alleged in Plaintiffs' complaint. Instead, the Plaintiffs' claim properly sounds in negligence.

Accordingly, Defendant's motion to dismiss Count I and to strike all references to § 402A and strict liability in Counts II and III is hereby **GRANTED**.

It is **SO ORDERED**, this 30th day of September, 2016.

It is **FURTHER ORDERED** that Defendant shall file an answer to the remaining Counts in the complaint on or before October 14, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: All counsel of record via CM/ECF